Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7353 | **DATE** | 9/7/2011 |
| **CASE TITLE** | Celette, S.A. vs. Robaina Industries, Inc. | | |

**DOCKET ENTRY TEXT**

This case is dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Motion to Intervene [30] is denied as moot.

■[ For further details see text below.]                                                        Docketing to mail notices.

## STATEMENT

On October 12, 2010, Celette, S.A. ("Plaintiff"), a French corporation, filed a breach of contract and anticipatory breach of contract action against Robaina Industries, Inc. ("Defendant") in the Circuit Court of Cook County, Illinois. On November 15, 2010, Defendant removed the action to this Court. Celette, Inc., represented by the same counsel as Plaintiff, moves to intervene as a party plaintiff in this lawsuit. For the following reasons, this lawsuit is dismissed and Celette, Inc.'s motion to intervene is denied as moot.

As an initial matter, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Defendant argues that this case should be dismissed because Plaintiff lacks standing. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." City of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co., No. 10-3229, 2011 WL 3529155, at *3 (7th Cir. Aug. 12, 2011) (citing Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 444-45 (7th Cir. 2009)).

Here, as evidenced by the January 13, 2011 Vienne Commercial Court Order, attached as an exhibit to Celette, Inc.'s motion, the Vienne Bankruptcy Court placed Plaintiff into receivership on January 12, 2009. Mot. to Intervene Ex. A. It is undisputed that at the time Plaintiff filed this lawsuit it was in receivership. Yet, there is no reference in Plaintiff's complaint with regard to its bankruptcy. It is also undisputed that three days after this lawsuit was filed the Vienne Bankruptcy Court ordered Plaintiff's official liquidation, and on January 14, 2011, the Vienne Commercial Court ordered the transfer of Plaintiff's business and its affiliate companies, including Celette, Inc., to the Azimuth Group, a French company. Mot. to Intervene Ex. A. It is undisputed that Plaintiff no longer exists. This evidence calls Plaintiff's standing into question. Because Defendant has called Plaintiff's standing into question, Plaintiff "bears the burden of coming forward with competent proof that standing exists." Apex Digital, Inc., 572 F.3d at 444.

Plaintiff has failed to produce any evidence to establish its standing and the Court's jurisdiction. There is nothing in the record to indicate that the Vienne Bankruptcy Court authorized Plaintiff to bring this lawsuit, or that Plaintiff had the right to conduct corporate business during the pendency of such a

| STATEMENT |
|---|
| proceeding. Additionally, Plaintiff did not file leave to amend its pleading to indicate a new plaintiff or to add any claims in terms of jurisdiction. Plaintiff's counsel merely argues that the assets acquired by the Azimuth Group did not include a direct interest in the distribution agreement dated August 6, 2010, at issue in this case. The Court finds that this evidence, without more, does not constitute competent proof that Plaintiff has standing in this lawsuit. The Court concludes that no jurisdiction in fact exists. This case is therefore dismissed. Accordingly, Celette, Inc.'s motion to intervene is denied as moot.<br>    IT IS SO ORDERED. |